IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:99cv272
[CRIMINAL CASE NO. 4:96cr53]

| | |
|---|---|
| ERIC WHEELER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's "Motion to Amend Pursuant to Fed. R. Cv. Prc. 15(c)(2) Relation Back Principle"[Doc. 13], filed June 8, 2012.

By the instant Motion, the Petitioner seeks to amend his initial § 2255 motion to assert additional challenges to his conviction and sentence. [Id.]. The Petitioner originally filed a § 2255 motion on December 27, 1999. [Doc. 1]. The Court granted this motion in part on April 9, 2001. [Doc. 4]. On January 18, 2002, the Fourth Circuit Court of Appeals reversed the decision of this Court and remanded with instructions to reimpose the Petitioner's original life sentence. United States v. Wheeler, 24 F. App'x 218, 219 (4th Cir. 2002). Having been extinguished by judgment, the Petitioner's prior § 2255 motion cannot now be amended. The Petitioner's Motion to Amend, therefore, is denied.

Even if this amendment were allowed, however, the Petitioner has not asserted a claim for relief cognizable under § 2255. The Petitioner claims ineffective assistance of counsel. [Doc. 13 at 2]. In order to prove ineffective assistance of counsel, the Petitioner must show, *inter alia*, "that counsel's performance was deficient." Strickland v. Washington 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, the Petitioner alleges deficient performance because his attorney did not advise him properly in light of the holding in United States v. Davis, 864 F.Supp. 1303 (N.D. Ga. 1994). The Davis court held that the heightened sentencing provisions for cocaine base contained in 21 U.S.C. § 841 are based on "a scientifically meaningless distinction" and "must be ignored by operation of the rule of lenity." 864 F.Supp. at 1309. The Fourth Circuit, however, explicitly rejected the reasoning and holding of Davis a year before the Petitioner was indicted. See United States v. Fisher, 58 F.3d 96, 99 (4th Cir. 1995). The Petitioner's attorney therefore was precluded by controlling Circuit precedent from relying upon the Davis decision. As such, his performance in this regard was not deficient.

The Petitioner further contends the reasoning of Davis was "confirmed and clarified" by the United States Supreme Court in DePierre v. United States, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011). [Doc. 13 at 2-3]. The Petitioner misreads the Supreme Court's decision. In DePierre, the Supreme Court held that the term "cocaine base," as used in 21 U.S.C. § 841(b) refers

2

to both crack cocaine and cocaine in its chemically basic form, that is, the molecule found in crack cocaine, freebase, and coca paste, notwithstanding the fact that the Sentencing Commission defined "cocaine base" to mean only "crack" for the purposes of the Federal Sentencing Guidelines. Id. at 2231-32. The Petitioner reads the Supreme Court's statement in DePierre, 131 S.Ct. at 2232, that "offenses involving a mixture of substance which contains such [chemically basic] cocaine will always be penalized according to the lower quantity thresholds of clause (iii), and never the higher quantity thresholds clause (ii) establishes..." to indicate that the Supreme Court agrees with the holding in Davis. [Doc. 13 at 3]. In fact, it plainly means the opposite: that offenses related to substances containing chemically basic cocaine will be punished *more strictly*. The Petitioner's argument on this point, therefore, is without merit.

The Petitioner further contends that DePierre, "narrows the scope of 21 U.S.C. 841... to decrimalize certain individuals who would otherwise have been aggravated violators under 841 . . . ." [Doc. 13 at 4 (errors in original)]. DePierre, however, contains no such holding. The Petitioner further argues that "[t]he government failed to establish scientific identification of the relevant substance" in his trial. [Id. at 6]. While defining the term "cocaine base," DePierre does not address or specify the type of proof the Government must use to prove a distribution of cocaine base violation. See McCullers v. United States, Civil Action No. 4:12cv37, Criminal No. 4:07cr49, 2012 WL 1942068,

3

at *9 (E.D.Va. May 29, 2012). In any event, the Petitioner's argument on this point is a challenge to the sufficiency of the evidence, which is not cognizable on a motion under § 2255. See Dockery v. United States, 237 F.2d 518, 519 (4th Cir. 1956) (*per curiam*).

For all of these reasons, the Petitioner's Motion to Amend is denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Amend [Doc. 13] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

4

**IT IS SO ORDERED.**

Signed: August 1, 2012

Martin Reidinger
United States District Judge